IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOPE NPIMNEE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Respondent. | 8:23CV169<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner Hope Npimnee's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254, his motion for evidentiary hearing, Filing No. 2, and motion seeking appointment of counsel, Filing No. 3. As Petitioner has paid the filing fee, the Court proceeds to initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Upon initial review the Court will dismiss the petition without prejudice for the reasons set forth herein and will dismiss the remaining motions as moot.

Petitioner alleges, and the state court records available to this court online confirm,[1] he was convicted of one count of third degree assault, one count of second degree criminal trespass, two counts of disturbing the peace, and one count of failure to

---

[1] See *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

appear on April 22, 2022, and sentenced to 180 days' imprisonment with four additional 30 days sentences running concurrently pursuant to a no contest plea on June 3, 2022, in the District Court of Lancaster County, Nebraska, Case Number CR21-9105.[2] Filing No. 1 at 1.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2254(a)); see also Leonard v. Nix, 55 F.3d 370, 372–73 (8th Cir. 1995); Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991), cert. denied, 502 U.S. 828 (1991). Given the 180-day sentence imposed upon Petitioner, the question becomes whether Petitioner was still in custody pursuant to his conviction in CR21-9105 when he filed his habeas Petition currently before the Court on April 28, 2023.

The Supreme Court interprets the "statutory language as requiring that the petitioner be 'in custody' *under the conviction or sentence under attack* at the time" the petitioner files the habeas petition. Maleng, 490 U.S.at 490–91 (emphasis added) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)); see also Weaver, 925 F.2d at 1099 ("Custody is tested at the time of filing the petition. . . . A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." (internal citations omitted)).  Put another way, once a person has fully served a state prison

---

[2] In his Petition, Petitioner lists both case number "CR21-9105" and "CR 21-1905." It appears Petitioner transposed the "1" and the "9" as the correct case number matching the allegations and dates in his Petition is CR21-*91*05.  See https://www.nebraska.gov/justice/case.cgi (last accessed May 3, 2023).

sentence, he cannot thereafter seek federal habeas corpus review of that sentence, or the conviction that caused it.

Here, even if Petitioner had to serve all 180 days of his sentence in CR21-9105 beginning from the date he was sentenced, without any credit for time served or early release based on Nebraska's good time law, see Neb. Rev. Stat. § 47-502 (Reissue 2021), then Petitioner would have been in custody under case number CR21-9105 no later than November 30, 2022. While based on the Court's own records[3] and the judicially noticed state records, Petitioner is currently incarcerated, having been convicted and sentenced in another matter before the District Court of Lancaster County, Nebraska, Case Number CR22-350, he is no longer in custody under his sentence from CR21-9105, under attack in the Petition before this Court.

As the records show that Petitioner's sentence for that conviction had already expired when he filed this habeas Petition, he cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). See *Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." (emphasis in original)). Because Petitioner was not "in custody" pursuant to his conviction in CR21-9105 when he filed his current petition, the Court lacks subject matter jurisdiction over this habeas proceeding. See *Weaver*, 925 F.2d at 1099 (A "district court lacks subject-matter jurisdiction" if the "petitioner does not satisfy the custody requirement."); see also

---

[3] In a civil matter filed by Petitioner that is currently before this Court, on February 24, 2023, Plaintiff informed the Court that he was to be sentenced in CR22-350 on February 22, 2023, and that he anticipated being transferred from the Lancaster County Jail where he was currently housed to another facility after sentencing was complete. *See* case number 8:22-cv-409, Filing No. 24 at 1–2. In a second filing dated March 16, 2023, Petitioner notified the Court he had been transferred to a facility in Lincoln, Nebraska, operated by the Nebraska Department of Correctional Services. *See* case number 8:22-cv-409, Filing No. 30 at 1.

3

*Love v. Tippy*, 128 F.3d 1258, 1258–59 (8th Cir. 1997) (per curiam); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam), cert. denied, 516 U.S. 926 (1995); *Miles v. Maschener*, 175 F.3d 1025 (8th Cir. 1999) (per curiam) (unpublished) (Table Decision).

The Court is also mindful that there may be other "collateral consequences" attributable to Petitioner's conviction in CR21-9105, such as possible sentence enhancements on later convictions, the inability to vote, engage in certain businesses, hold public office, or serve as a juror. See *Maleng*, 490 U.S. at 491–92; *Carafas*, 391 U.S. at 237. It is well-settled, however, that such collateral consequences alone do not satisfy the statutory "in custody" requirement of the federal habeas corpus statute. As the Supreme Court explained in *Maleng*, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." 490 U.S. at 492. Therefore, even though Petitioner might have experienced, might still be experiencing, or might experience in the future, some adverse consequences from his conviction in CR21-9105, those collateral consequences do not cause him to currently be "in custody" in CR21-9105 for purposes of § 2254(a). See *id.*

In sum, because Petitioner was no longer serving his sentence for his conviction in CR21-9105 when he filed this Petition, he cannot satisfy the "in custody" prerequisite for seeking federal habeas corpus review of that conviction. Accordingly, this Court lacks jurisdiction over this case and will dismiss the Petition without prejudice. See *Love*, 128 F.3d at 1258–59; *Charlton*, 53 F.3d at 929; *Miles*, 175 F.3d 1025.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C.

§ 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The Petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

3. Based on the dismissal of the Petition, Petitioner's motions for evidentiary hearing, Filing No. 2, and motion seeking appointment of counsel, Filing No. 3, are denied as moot.

Dated this 5th day of May, 2023.

BY THE COURT:

*[signature: Joseph F. Bataillon]*

Joseph F. Bataillon
Senior United States District Judge